# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY McDOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>R. RIVERA, et al.,<br><br>    Defendants. | 1:17-cv-01665-LJO-BAM (PC)<br><br>SCREENING ORDER GRANTING LEAVE TO AMEND<br><br>(ECF No. 12)<br><br>**THIRTY-DAY DEADLINE** |

    Plaintiff Jerry McDowell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 29, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 11.) Plaintiff's first amended complaint, filed on July 2, 2018, is currently before the Court for screening. (ECF No. 12.)

**I.    Screening Requirement and Standard**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

    A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

## II. Plaintiff's Allegations[1]

Plaintiff is currently housed at Ironwood State Prison, in Blythe, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison ("Wasco"). Plaintiff names the following defendants: (1) R. Rivera, Correctional Lieutenant, (2) A. Colla, Correctional Sergeant, (3) Sanchez, Correctional Officer, (4) Fernandez, Correctional Officer, (5) Guzman, Correctional Officer, (6) A. Sandoval, Correctional Officer, (7) H. Patel, Medical Physician; and (8) Garza, Correctional Sergeant.

---

[1] The Court notes that Plaintiff previously filed a case, McDowell v. R. Rivera et.al, Case No. CV-F-13-1797 LJO MJS (E.D. Cal.), which is largely the same as the case currently pending. That case, Case No. 13-1797, dealt with incidents involving excessive force and medical claims on September 13, 2012, first floor chrono/upstairs upper bunk on September 24, 2012, events following Plaintiff's September 27, 2012 leg surgery, among other similar/same incidents as the case currently pending. Case No. 13-1797 was dismissed on April 24, 2015, without prejudice, for Plaintiff's failure to obey a court order and failure to prosecute. A **dismissal** "**without prejudice**" preserves plaintiff's right to sue again on the same claim. "Because a plaintiff may refile the same suit on the same claim, **dismissal without prejudice** does not constitute such a harsh sanction and does not foreclose a determination on the merits." Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 725 (7th Cir. 2004).

2

In Claim I, Plaintiff asserts a violation of his First, Eighth and Fourteenth Amendment rights related to medical care and the freedom from cruel and unusual punishment. Plaintiff alleges that Defendant Patel, the prison physician, became very unprofessional during an examination of Plaintiff. Defendant Patel reportedly failed to take Plaintiff's medical needs/concerns seriously, and because irate and disrespectful to Plaintiff for insisting that he was in pain.

On September 13, 2012, Plaintiff was being escorted to segregation custody/program office. Defendant Sandoval aggressively pushed Plaintiff into a wall, which caused four other custody staff to attack and assault Plaintiff. Defendant Garza allegedly stood by and directed two assisting officers to throw Plaintiff into the program office holding cage. During the assault, Plaintiff was handcuffed behind his back. Plaintiff claims that Defendant Garza, who witnessed the assault and use of excessive force, clearly instigated the acts of the officers. "Defendants Fernandez, Guzman and Sanchez were escorting staff, failed to show concern as to Plaintiff's health and safety, as well as Custody Sgt. A. Colla, who purposely had [Plaintiff] placed in a cell, that would not be accommodating, to injuries suffered during assault." (ECF No. 12 at p. 5.)

In Claim 2, Plaintiff alleges that custody staff nudged him down the stairs on September 24, 2012, while being escorted in restraints and handcuffs. This caused Plaintiff lower back pain and his left knee to be jarred after surgery. Plaintiff was rehoused in segregation. Upon request, the prison provided Plaintiff with a walking device (cane). Defendants Fernandez, Colla, Guzman and Sanchez confiscated the walking device and stated that it would not be allowed in the segregation unit. This prompted Plaintiff to file a grievance concerning this practice. In October 2012, Plaintiff's surgical sutures were removed from his left knee and he was provided a wheelchair as a comprehensive medical accommodation device with after care instructions. After arriving in segregation, Plaintiff's wheelchair was taken and he was never given the comprehensive treatment required. Custody staff also reportedly called Plaintiff derogatory names and refused all of his attempts to receive care.

As relief, Plaintiff seeks compensatory and punitive damages. He also seeks declaratory and injunctive relief.

///

**III. Discussion**

**A. Federal Rule of Civil Procedure 8**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's amended complaint is short, but is not a plain statement of his claims. Plaintiff's complaint lacks clear factual allegations regarding the incidents at issue, including the individuals who were involved in the alleged assault. Indeed, it is unclear which, if any, of the named defendants took part in the alleged assault on September 13, 2012, witnessed the assault or otherwise interacted with Plaintiff after the assault. Plaintiff will be granted a final opportunity to amend his complaint. However, he must clearly and succinctly allege what happened, when it happened, and who was involved. He also must include sufficient factual allegations to state a claim that is plausible on its face.

**B. Federal Rules of Civil Procedure 18 and 20**

Plaintiff is asserting claims against different defendants based on different events. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will

4

the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Here, Plaintiff may not pursue unrelated claims against multiple defendants for unrelated events. For instance, Plaintiff may not pursue claims relating to the alleged violation of his right to medical care against Defendant Patel, while simultaneously pursuing claims against different defendants regarding excessive force arising from two separate incidents. If Plaintiff elects to amend his complaint, he must choose which properly joined claims he seeks to pursue in this action and limit his pleading to those claims.

**C. Eighth Amendment – Deliberate Indifference**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

### Dr. Patel

As currently pled, Plaintiff fails to state a medical deliberate indifference claim against Dr. Patel. At best, Plaintiff alleges that Dr. Patel was irate and may have disregarded certain of Plaintiff's pain complaints. However, there is no indication from Plaintiff's amended complaint that Dr. Patel failed to provide Plaintiff with any necessary medical treatment. Plaintiff's allegation that Dr. Patel did not take his complaints seriously does not amount to an Eighth Amendment violation. At best, it suggests negligence, which is not sufficient to state an Eighth Amendment deliberate indifference claim. Further, there are no allegations indicating that Dr. Patel knew that Plaintiff was in need of any particular care or otherwise disregarded a risk of injury. Plaintiff admits that he received surgery for his knee at some point in time, along with a cane and wheelchair.

### Colla, Fernandez, Guzman and Sanchez

Plaintiff alleges a one-time occurrence in which Defendants Colla, Fernandez, Guzman and Sanchez denied him a cane when he was in Ad-seg. With regard to the cane, Plaintiff has not alleged any injury and has just alleged an isolated occurrence of neglect, which does not constitute

deliberate indifference to serious medical needs. See Jett, 439 F.3d at 1096; see also Wood, 900 F.2d at 1334 ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect"). Indeed, "[i]f the harm is an isolated exception to the defendant's overall treatment of the prisoner it ordinarily militates against a finding of deliberate indifference." Jett, 439 F.3d at 1096.

With regard to the taking of his wheelchair and denial of comprehensive treatment, Plaintiff does not link any defendant to the allegation, nor does he allege any corresponding injury or resulting difficulties. As Plaintiff was previously advised, section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976.)

### D. Verbal Harassment

Plaintiff generally alleges that custody staff called him names and Dr. Patel acted unprofessionally in speaking to Plaintiff. However, verbal harassment or abuse alone is not sufficient to state a claim under section 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Therefore, Plaintiff fails to state a claim based on any allegation of verbal harassment or abuse.

### E. Eighth Amendment—Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 1986).

"The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S.Ct. at 1000 (internal quotation

marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010).

Plaintiff has not stated a cognizable claim for excessive force for the September 13, 2012 incident. Although Plaintiff alleges that Defendant Sandoval aggressively pushed Plaintiff into a wall, there is no indication that Defendant Sandoval was involved in the attack and assault. It also is unclear to the Court whether Plaintiff is alleging the involvement of any other named defendant in the assault. If Plaintiff amends his complaint, he must clearly state what happened and who was involved in the alleged incident of excessive force on September 13, 2012.

Plaintiff has also failed to state a cognizable claim as to being "nudged" on the stairs on September 24, 2012. Plaintiff has failed to state any facts that the incident on the stairs was more than a "nudge" and how the conduct was excessive, what happened to plaintiff and how he was injured. Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 562 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. (quoting Hudson, 503 U.S. at 9–10) (quotation marks omitted). In determining whether the use of force was wanton or and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

Nonetheless, Plaintiff appears to have adequately alleged a failure to intervene claim against Defendant Garza, who allegedly witnessed the use of excessive force on September 13, 2012. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 832–33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Although Plaintiff states a cognizable claim against Defendant Garza, it is not properly joined with other unrelated claims to this action and it is unclear

to the Court whether Plaintiff is attempting to allege that other named defendants also witnessed the alleged attack on September 13, 2012, and failed to intervene or were otherwise involved in the incident. In any amended complaint, Plaintiff must clearly state what happened and who was involved so that the Court may determine whether he states claims for relief.

### F. Declaratory Judgment

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### G. Injunctive Relief

Insofar as Plaintiff seeks injunctive relief, any such request is now moot. Plaintiff is no longer housed at Wasco State Prison, where he alleges the incidents at issue occurred, and where the prison officials are employed. Therefore, any injunctive relief he seeks against the officials at Wasco State Prison is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a **final opportunity** to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez

v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 13, 2018**　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE