# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY McDOWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>R. RIVERA, et al.,<br><br>        Defendants. | Case No. 1:17-cv-01665-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.**     <u>**Background**</u>

Plaintiff Jerry McDowell ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 14, 2018, the Court issued a screening order granting Plaintiff leave to file a second amended complaint within thirty (30) days. (ECF No. 14.) The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (Id. at 10.) Plaintiff's second amended complaint was due on or before September 17, 2018, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

1

## II. Failure to State a Claim

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is no longer in custody. The events in the first amended complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison ("Wasco"). Plaintiff names the following defendants: (1) R. Rivera, Correctional Lieutenant, (2) A. Colla, Correctional Sergeant, (3) Sanchez, Correctional Officer, (4) Fernandez, Correctional Officer, (5) Guzman, Correctional Officer, (6) A. Sandoval, Correctional Officer, (7) H. Patel, Medical Physician; and (8) Garza, Correctional Sergeant.

In Claim I, Plaintiff asserts a violation of his First, Eighth and Fourteenth Amendment rights related to medical care and the freedom from cruel and unusual punishment. Plaintiff alleges that Defendant Patel, the prison physician, became very unprofessional during an examination of Plaintiff. Defendant Patel reportedly failed to take Plaintiff's medical needs/concerns seriously, and became irate and disrespectful to Plaintiff for insisting that he was in pain.

On September 13, 2012, Plaintiff was being escorted to segregation custody/program office. Defendant Sandoval aggressively pushed Plaintiff into a wall, which caused four other custody staff to attack and assault Plaintiff. Defendant Garza allegedly stood by and directed two assisting officers to throw Plaintiff into the program office holding cage. During the assault, Plaintiff was handcuffed behind his back. Plaintiff claims that Defendant Garza, who witnessed the assault and use of excessive force, clearly instigated the acts of the officers. "Defendants Fernandez, Guzman and Sanchez were escorting staff, failed to show concern as to Plaintiff's health and safety, as well as Custody Sgt. A. Colla, who purposely had [Plaintiff] placed in a cell, that would not be accommodating, to injuries suffered during assault." (ECF No. 12 at p. 5.)

In Claim 2, Plaintiff alleges that custody staff nudged him down the stairs on September 24, 2012, while being escorted in restraints and handcuffs. This caused Plaintiff lower back pain and his left knee to be jarred after surgery. Plaintiff was rehoused in segregation. Upon request, the prison provided Plaintiff with a walking device (cane). Defendants Fernandez, Colla, Guzman and Sanchez confiscated the walking device and stated that it would not be allowed in the segregation unit. This prompted Plaintiff to file a grievance concerning this practice. In October 2012, Plaintiff's surgical sutures were removed from his left knee and he was provided a wheelchair as a comprehensive medical accommodation device with after care instructions. After arriving in segregation, Plaintiff's wheelchair was taken and he was never given the comprehensive treatment required. Custody staff also reportedly called Plaintiff derogatory names and refused all of his attempts to receive care.

As relief, Plaintiff seeks compensatory and punitive damages. He also seeks declaratory and injunctive relief.

**C.** **Discussion**

    **1.** **Federal Rule of Civil Procedure 8**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's first amended complaint is short, but is not a plain statement of his claims. Plaintiff's complaint lacks clear factual allegations regarding the incidents at issue, including the individuals who were involved in the alleged assault. Indeed, it is unclear which, if any, of the named defendants took part in the alleged assault on September 13, 2012, witnessed the assault or otherwise interacted with Plaintiff after the assault.

    **2.** **Federal Rules of Civil Procedure 18 and 20**

Plaintiff is asserting claims against different defendants based on different events. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

///

Here, Plaintiff may not pursue unrelated claims against multiple defendants for unrelated events. For instance, Plaintiff may not pursue claims relating to the alleged violation of his right to medical care against Defendant Patel, while simultaneously pursuing claims against different defendants regarding excessive force arising from two separate incidents.

### 3. Eighth Amendment – Deliberate Indifference

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to

serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

### Dr. Patel

As pled, Plaintiff fails to state a medical deliberate indifference claim against Dr. Patel. At best, Plaintiff alleges that Dr. Patel was irate and may have disregarded certain of Plaintiff's pain complaints. However, there is no indication from Plaintiff's amended complaint that Dr. Patel failed to provide Plaintiff with any necessary medical treatment. Plaintiff's allegation that Dr. Patel did not take his complaints seriously does not amount to an Eighth Amendment violation. At best, it suggests negligence, which is not sufficient to state an Eighth Amendment deliberate indifference claim. Further, there are no allegations indicating that Dr. Patel knew that Plaintiff was in need of any particular care or otherwise disregarded a risk of injury. Plaintiff admits that he received surgery for his knee at some point in time, along with a cane and wheelchair.

### Colla, Fernandez, Guzman and Sanchez

Plaintiff alleges a one-time occurrence in which Defendants Colla, Fernandez, Guzman and Sanchez denied him a cane when he was in Ad-seg. With regard to the cane, Plaintiff has not alleged any injury and has just alleged an isolated occurrence of neglect, which does not constitute deliberate indifference to serious medical needs. See Jett, 439 F.3d at 1096; see also Wood, 900 F.2d at 1334 ("In determining deliberate indifference, we scrutinize the particular

facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect"). Indeed, "[i]f the harm is an isolated exception to the defendant's overall treatment of the prisoner it ordinarily militates against a finding of deliberate indifference." Jett, 439 F.3d at 1096.

With regard to the taking of his wheelchair and denial of comprehensive treatment, Plaintiff does not link any defendant to the allegation, nor does he allege any corresponding injury or resulting difficulties. As Plaintiff was previously advised, section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976.)

### 4. Verbal Harassment

Plaintiff generally alleges that custody staff called him names and Dr. Patel acted unprofessionally in speaking to Plaintiff. However, verbal harassment or abuse alone is not sufficient to state a claim under section 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Therefore, Plaintiff fails to state a claim based on any allegation of verbal harassment or abuse.

### 5. Eighth Amendment – Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (1986).

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010).

7

Plaintiff has not stated a cognizable claim for excessive force for the September 13, 2012 incident. Although Plaintiff alleges that Defendant Sandoval aggressively pushed Plaintiff into a wall, there is no indication that Defendant Sandoval was involved in the attack and assault. It also is unclear to the Court whether Plaintiff is alleging the involvement of any other named defendant in the assault.

Plaintiff has also failed to state a cognizable claim as to being "nudged" on the stairs on September 24, 2012. Plaintiff has failed to state any facts that the incident on the stairs was more than a "nudge" and how the conduct was excessive, what happened to plaintiff and how he was injured. Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 562 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. (quoting Hudson, 503 U.S. at 9–10) (quotation marks omitted). In determining whether the use of force was wanton or and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

Nonetheless, Plaintiff appears to have adequately alleged a failure to intervene claim against Defendant Garza, who allegedly witnessed the use of excessive force on September 13, 2012. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 832–33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Although Plaintiff states a cognizable claim against Defendant Garza, it is unclear to the Court whether Plaintiff is attempting to allege that other named defendants witnessed the attack on September 13, 2012, or were otherwise involved in the incident. As stated above, Plaintiff failed to state clearly what happened and who was involved.

///

### 6.     Declaratory Judgment

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### 7.     Injunctive Relief

Insofar as Plaintiff seeks injunctive relief, any such request is now moot. Plaintiff is no longer housed at the Wasco State Prison, where he alleges the incident at issue occurred, and where the prison officials are employed. Therefore, any injunctive relief against the officials at Wasco State Prison is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

## III.    Failure to Prosecute and Failure to Obey a Court Order

### A.     Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's August 14, 2018 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 14, p. 10.) Thus, Plaintiff had adequate warning that

dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 4, 2018**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE